PER CURIAM.
By direct appeal we now review appellant’s first degree murder conviction without recommendation of mercy. Article V, Section 4(2), Florida Constitution, F.S.A. Consideration of the briefs, record and arguments arising out of this cause convinces us that the verdict and sentence below should be sustained; see Florida Appellate Rule 6.16(b), 32 F.S.A.
The facts involved herein are complex, but a brief review will suffice since they are not challenged. On May 24, 1969, the sheriff’s office officials found the body of a female in woods near Bellview in Escambia County, Florida. She had been shot to death. By accident, two boys witnessed events relating to the shooting. They heard shots being fired at something in the back seat of a car being driven by appellant; they also heard screaming. They saw an object being taken out of the car and into the surrounding woods; more shots were heard thereafter. The boys were then chased by appellant and another man; both boys were shot, and one was also stabbed, but neither was killed. The Escambia County sheriff’s office got an early report of the shooting and officers converged at the scene. The identity of the deceased was soon established, along *201 with the identities of appellant and his accomplice. The car driven by appellant, a blue Chrysler, was found to be registered in his name.
On May 26, two days after the above events occurred, police in Lansing, Michigan, arrested appellant and his accomplice for car theft. Having stolen a car minutes before, they were transferring baggage from the Chrysler to the stolen car when the owner confronted them. They were picked up by the police as they fled the scene. When officers returned to the Chrysler, which they found to be locked, they could see a rifle on the rear floor, bloodlike, dark red stains on the back seat, and a bullet hole in the side of the car. Entry was gained by the breaking of a window. The car was impounded and taken to a station house. The rifle, and ammunition it contained, were taken to a property vault; all other effects were left in the car. Under Michigan law, as we understand it, a rifle displayed in the open in an automobile is contraband and subject to seizure.
Appellant and his accomplice identified themselves. This information, and a description of the impounded car, were sent out over a national police wire service. The Escambia County authorities immediately notified the Lansing police that the suspects were wanted in Florida, and that they would be sending a delegation up to Michigan to retrieve them. This was the first indication the Lansing police had that the suspects might have been involved in a Florida felony.
The Escambia sheriff’s group arrived on May 29th. Accompanied by Lansing authorities, they went to view the impounded car. Peering through the windows, they observed the bloodlike stains and what appeared to be flesh particles on the rear seat and rear window. They also saw rifle shells and an Alabama, newspaper similar to the one found at the death scene, along with a construction worker’s hardhat. All of these items were removed after photographs and fingerprints were taken. Ultimately they were entered as evidence at trial. We note in passing that other evidence and testimony not in contest was sufficient to justify the verdict below.
In a motion to suppress based on the failure of the authorities to secure warrants prior to the May 26th and May 29th searches of the automobile, appellant contended that the evidence in question was inadmissible. The trial court granted the motion as it related to items which were found in the trunk (items not discussed here), but denied it as to “[A]ll of such items found in or upon said automobile which were visible to observation and which were discovered by the law officers without trespass upon said vehicle.”
This admissibility issue is the sole issue raised and argued on this appeal. Extradition proceedings were waived. We agree with the court below that the evidence in question was admissible. The rifle and its ammunition were removed under Michigan law relating to unlawful display of weaponry. This being so, we need not decide if they were properly taken “incident to the arrest.” As to the May 29th search, the only evidence arising from it entered at trial were those things in open view. At the time of this inspection, probable cause existed for the belief that the deceased had been shot within the car. The existence of the rifle, and the presence of the bloodlike stains and flesh particles confirmed this. The Michigan authorities, having lawful possession of the car, could reasonably participate with the Escambia authorities in the further examination of those things openly visible, without a warrant. Under the circumstances of this case, our decision that the evidence was properly admissible is consistent with both Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), and Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
*202 The verdict and sentence appealed from are hereby affirmed.
It is so ordered.
CARLTON, Acting- C. J., ADKINS, BOYD, McCAIN and DEKLE, JJ., and DREW, J. (Retired), concur.